UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------/

EXPLUS, INC.,

                      Plaintiff,

     - against -

VERIA LIFESTYLE INC.,
CANARA BANK, and
COUNTY OF SULLIVAN
INDUSTRIAL DEVELOPMENT AGENCY,

                 Defendants.

-----------------------------------------------------------------/

**Docket No. 18-CV-10992**

**COMPLAINT**

**Diversity Jurisdiction**
**28 OF THE UNITED STATES CODE**
**§1332**(a)(1)

**Complaint to Foreclose a**
**Notice Under Mechanic's Lien Law**

## **COMPLAINT**

    Plaintiff EXPLUS, INC., by and through its attorneys, Rosen Law LLC, as and for their Complaint against Defendants respectfully allege and set forth as follows and Plaintiff believe that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery:

    1.    Upon information and belief, at all times hereinafter mentioned and at the time of the commencement of this action, Plaintiff EXPLUS INC. ("Plaintiff EXPLUS") was and is a foreign business corporation organized and existing under and by virtue of the laws of the State of Virginia, which is authorized to do business in the State of New York, with its principal place of business located at 44156 Mercure Circle, Sterling, Virginia 20166.

    2.    Upon information and belief, at all times hereinafter mentioned and at the time of the commencement of this action, Defendant VERIA LIFESTYLE INC. ("Defendant VERIA" or "Owner") was and is a foreign business corporation organized

and existing under and by virtue of the laws of the State of Delaware, which is authorized to do business in the State of New York, with its principal place of business located at 200 Middlesex Essex Turnpike, Suite 202, Iselin, New Jersey.

3.      Upon information and belief, at all times hereinafter mentioned and at the time of the commencement of this action, Defendant CANARA BANK ("Defendant CANARA") was and is a foreign business corporation organized and existing under and by virtue of the laws of the State of Delaware, which is authorized to do business in the State of New York, with its principal place of business located at 405 Park Avenue, Suite 904, New York, New York.

4.      Upon information and belief, at all times hereinafter mentioned and at the time of the commencement of this action, Defendant COUNTY OF SULLIVAN INDUSTRIAL DEVELOPMENT AGENCY ("Defendant SULLIVAN"), was and is a corporate governmental agency constituting a body corporate and politic and a public benefit corporation organized and existing under the laws of the State of New York, with its principal place of business located at One Cablevision Center, Ferndale, New York.

## JURISDICTION AND VENUE

5.      THAT THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK HAS JURISDICTION OVER THE PARTIES, PURSUANT TO TITLE 28 OF THE UNITED STATES CODE §1332(a)(1) as Plaintiff and Defendant are citizens of different states; and supplemental jurisdiction pursuant to TITLE 28 OF THE UNITED STATES CODE §1367, WHICH PROVIDES THE DISTRICT COURT WITH JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP.

2

6.     THE MATTER IN CONTROVERSY EXCEEDS THE SUM OR VALUE OF $75,000, EXCLUSIVE OF INTEREST AND COSTS.

7.     THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK HAS VENUE PURSUANT TO TITLE 28 OF THE UNITED STATES CODE §1391(b)(2), AS A SUBSTANTIAL PART OF THE EVENTS OR OMISSIONS GIVING RISE TO THE PLAINTIFF'S CLAIM OCCURRED, OR A SUBSTANTIAL PART OF THE PROPERTY THAT IS THE SUBJECT OF THE ACTION IS SITUATED IN SULLIVAN COUNTY, STATE OF NEW YORK, WITHIN THE SOUTHERN DISTRICT OF NEW YORK.

8.     That at all times hereinafter mentioned, Defendant VERIA conducted business in the Southern District of New York.

9.     That at all times hereinafter mentioned, the Defendant VERIA did own, operate, maintain, manage and control the real property located in the Southern District of New York at 420 Anawana Lake Road, Monticello, New York 12701 (hereinafter referred to as the "Subject Premises").

10.     Defendant VERIA is named as a defendant pursuant to a Notice Under Mechanic's Lien Law filed in the Office of the Sullivan County Clerk on November 26, 2018.

11.     Defendant CANARA is named as a defendant pursuant to a building loan mortgage dated June 22, 2016 and recorded in the office of the Sullivan County Clerk on June 24, 2016 in Book and/or as file number 2016-4450, Defendant CANARA being a mortgagee of record against the Subject Premises.

12.     Defendant SULLIVAN is named as a defendant in this action as Defendant SULLIVAN (i) is a mortgagor of record against the Subject Premises pursuant

to a building loan mortgage dated June 22, 2016 and recorded in the office of the Sullivan County Clerk on June 24, 2016 in instrument number and/or as file number 2016-4450, (ii) as the Lessee pursuant to a Lease between Defendant SULLIVAN as the Lessee and Defendant VERIA as the Lessor dated November 27, 2013 for the Subject Premises as memorialized in a memorandum of lease recorded on December 3, 2013 as instrument number 2013-9326 as amended by an amended memorandum of lease to agency recorded May 18, 2016 as instrument number 2016-3471 and (iii) as Defendant SULLIVAN is the Lessor to Defendant VERIA as the Lessee as a leaseback to Defendant VERIA, pursuant to a lease dated November 27, 2013 for the Subject Premises as memorialized in a memorandum of lease recorded on December 3, 2013 as instrument number 2013-9327 as amended by an amended memorandum of leaseback to company recorded May 18, 2016 as instrument number 2016-3473 and a memorandum of leaseback to company recorded on May 18, 2016 as instrument number 2016-3472.

<u>AS AND FOR A FIRST CLAIM FOR RELIEF</u>
<u>AGAINST DEFENDANT VERIA LIFESTYLE INC.</u>
<u>TO FORECLOSE A MECHANIC'S LIEN</u>

13.     The Subject Premises if known as SECTION 9, BLOCK 1, LOT 1.1 on the Tax Map of the Town of Thompson in the COUNTY OF SULLIVAN, STATE OF NEW YORK.

14.     Upon information and belief that at all times herein mentioned the Defendant VERIA was and still is the owner in fee simple of premises known as and by 420 Anawana Lake Road, Monticello, New York 12701 also known as SECTION 9, BLOCK 1, LOT 1.1 on the Tax Map of the Town of Thompson in the COUNTY OF SULLIVAN, STATE OF NEW YORK.

4

15.     The Subject Premises is used for commercial purposes and is utilized by Defendant VERIA to operate the YO1 Wellness Center, which is a business open to the public as a wellness resort.

16.     Within the YO1 Wellness Center is a museum which Plaintiff provided and performed work, labor and services for at the request of Defendant VERIA.

17.     Upon information and belief, the Subject Premises known as SECTION 9, BLOCK 1, LOT 1.1 on the Tax Map of the Town of Thompson in the COUNTY OF SULLIVAN, STATE OF NEW YORK is also described as:

**Lands of Milton Kutsher Associates: 95.36 Acres, Town of Thompson 9-1-1.1**

ALL that tract or parcel of land situate in the Town of Thompson, County of Sullivan and State of New York, intended to be a portion of the premises as described in a deed from Milton M. Kutsher to Milton Kutsher Associates, dated December 31, 1974, recorded in the Sullivan County Clerk's Office in Deed Liber 802 at Page 1001, being a portion of Lot No. 2 as designated on a map entitled "Survey and Subdivision Map Depicting Parking Garage Parcel Prepared for Caesars Entertainment, Inc.", last revised December 24, 2004, filed in the Sullivan County Clerk's Office January 11, 2005 as Map No. 9-382, more particularly bound and described as follows:

BEGINNING at an iron bolt in stones set at the top of a road cut on the easterly bounds of Anawana Lake Road (County Road No. 103) at the southwesterly corner of the second described parcel of land in a deed to Congregation Iched Anash recorded as Instrument No. 2011-4099, said point of beginning being at the northeasterly corner of R.O.W. Parcel No. 103-14-A as designated on Sullivan County R.O.W. Map No. 10314-A, and running thence from said point of beginning along the southerly bounds of said lands of Congregation Iched Anash, running generally along sections of stonewall and stonerow for portions of the way, South 68 degrees 04 minutes 14 seconds East 2043.36 feet to a Y2-inch diameter iron rod found in the approximate center of said stonewall at the southeasterly corner of said lands of Congregation Iched Anash and the southwesterly corner of lands described in a deed to KS Realty Holding LLC recorded in Land Records Liber 3265 at Page 307, at a corner of said Lot 2;

thence running along the southerly bounds of said lands of KS Realty Holding LLC for a portion of the way, running through said Lot 2 for a portion of the way, running along a northerly bounds of lands described in said deed to Milton Kutsher Associates recorded in Deed Liber 802 at Page 1001 for a portion of the way and through lands described in said Deed Liber 802 at Page 1001 for the remaining portion, running generally along said stonewall and traces of old wire fence for portions of the way, South 68 degrees 24

minutes 51 seconds East 692.87 feet to a 3/4-inch diameter iron rod in a pile of stones set at a northwesterly corner of lands described in a deed to the Estate of Milton Kutsher recorded in Land Records Liber 3453 at Page 655, a corner of said Lot 2 and a corner of lands described in said Deed Liber 802 at Page 1001;

thence running along a westerly bounds of lands described in said Land Records Liber 3453 at Page 655, running generally along traces of old wire fence and a stonewall for portions of the way, South 16 degrees 55 minutes 23 seconds West 1572.44 feet to a point in said stonewall on a westerly bounds of lands described in said Land Records Liber 3453 at Page 655 at the northeasterly corner of Lot No. 3 as designated on said Caesars Entertainment, Inc. filed map;

thence running along the northerly bounds of said Lot 3, running through lands described in said Deed Liber 802 at Page 1001, North 68 degrees 44 minutes 13 seconds West 2614.54 feet to a point on the assumed easterly bounds of said Anawana Lake Road at the northwesterly corner of said Lot 3, said point being North 17 degrees 34 minutes 56 seconds East 50.10 feet, as measured along the assumed easterly bounds of said Anawana Lake Road, from an iron bolt in stones set at the southwesterly corner of said Lot 3 and the southwesterly corner of lands described in said Deed Liber 802 at Page 1001;

thence running along the assumed easterly bounds of said Anawana lake Road, North 17 degrees 34 minutes 56 seconds East 759.35 feet to the southeasterly corner of said R.O.W. Parcel 103-14-A;

thence running along the easterly bounds of said Anawana Lake Road and said R.O.W. Parcel 103-14-A, North 15 degrees 18 minutes 28 seconds East 313.64 feet, North 05 degrees 51 minutes 08 seconds East 342.41 feet and North 02 degrees 02 minutes 42 seconds East 207.33 feet to the point of beginning, containing 95.36 acres of land.

SUBJECT to highway use/dedication of record and all easements of record.

BEARINGS are as the magnetic needle pointed in August of 2000.

PREPARED by Anthony F. Siciliano, Licensed Land Surveyor, on November 17, 2013.

## THE AGREEMENT

18.     On or about February 5, 2018, Plaintiff and Defendant VERIA entered into a written agreement whereby Plaintiff agreed to provide labor, materials and services to design, fabricate and install museum exhibits at the YO1 Wellness Center to Defendant VERIA (the "Agreement").

19.     Defendant VERIA agreed to pay the sum of $918,708.00 to Plaintiff for the aforesaid labor and materials.

20.     Plaintiff and Defendant VERIA entered into an agreement for labor performed and goods sold and delivered.

21.     Plaintiff duly performed all conditions on its part to be performed.

22.     Defendant VERIA has not performed in full, leaving a balance due in said agreement in the specific sum of $445,760.32 plus attorneys' fees.

23.     Upon information and belief, the labor and materials furnished by Plaintiff to Defendant VERIA were used for improvements to the Subject Premises.

24.     That Plaintiff performed the terms of the agreement with Defendant VERIA by providing labor and furnishing materials in connection with the Subject Premises from approximately June 12, 2018 to July 28, 2018.

25.     Plaintiff filed a Notice Under Mechanic's Lien Law against the Subject Premises so that at the time of the filing of the Plaintiff's Notice Under Mechanic's Lien Law, as hereinafter mentioned, Plaintiff fully performed all of its obligations under the terms and conditions of the agreement with Defendant VERIA and Plaintiff was due to be paid and has not been paid the sum of $918,708.00, of which Defendant VERIA has only paid $472,947.68 to date, leaving the sum of $445,760.32 unpaid and due and owing to Plaintiff for labor performed and materials furnished.

26.     On or about November 26, 2018, and within eight (8) months from the last date of furnishing by the Plaintiff of the said materials and labor, Plaintiff filed or caused to be filed in the Office of the Clerk of the COUNTY OF SULLIVAN, STATE OF NEW YORK, a Notice Under Mechanic's Lien Law in writing, which notice did state among

other things the name of the owner of the real property whose interest therein a lien is claimed, the nature of such interest, the name of the person by whom the lienor was employed, to whom it furnished materials, for whom it performed labor and with whom the contract was made for the labor and materials, the materials furnished, the labor performed, the agreed price and value of the materials furnished and labor performed, the amount unpaid to the lienor for the materials furnished and labor performed, the date when the first items of material were furnished and labor performed and the date when the last items of material were furnished and labor performed and a description of the property sufficient for identification.

27.    The said notice of lien stated, among other things, (1) the name and residence of the lienor, the plaintiff herein; (2) the name of the owner of the real property against whose interest a lien was claimed, and the interest of the owner as far as known to the lienor; (3) the name of the person with whom the contract was made; (4) the labor performed and material furnished and the agreed price thereof; (5) the amount unpaid to the lienor for such labor and materials; (6) the time when the first and last items of work were performed and materials were furnished; (7) the property subject to the lien, with a description thereof sufficient for identification, and its location by street and number.

28.    That said notice of lien was duly verified and complied in all respects with the N.Y. Lien Law in reference to the filing and acquiring of mechanic's liens affecting private improvements.

29.    The work, labor and services performed by the Plaintiff and the materials furnished by it in connection therewith were so performed and furnished toward the improvement of the said premises and toward the enhancement thereof.

30. The work, labor and services performed by Plaintiff and the materials furnished by it in connection therewith were part of the work, labor and services and materials required under the agreement between Defendant VERIA and Plaintiff to be performed and furnished by the Plaintiff and said work, labor and services so performed by Plaintiff and the materials furnished in connection therewith were so performed and furnished with the knowledge, permission and consent and at the specific request of Defendant VERIA and were so performed and furnished toward the improvement of the said premises and toward the enhancement thereof.

31. Upon information and belief the said notice of lien was duly docketed in the lien docket kept by the Clerk of the COUNTY OF SULLIVAN, STATE OF NEW YORK for that purpose on November 26, 2018.

32. That on or about November 26, 2018, a true copy of said notice of lien was served upon Defendant VERIA as required by statute.

33. That no part of the Plaintiff's lien has been paid, waived, cancelled or discharged and that no proceedings either at law or in equity have ever been brought to recover any part of the said lien or claim upon which it is founded, leaving a balance due and owing in the amount of $445,760.32 with interest from November 26, 2018.

34. Said lien has not been canceled or otherwise discharged.

35. No action has been brought by this plaintiff for the foreclosure of said lien, nor has this plaintiff been made a party defendant to any action brought for the foreclosure of another lien or mortgage against said real property or any part thereof.

36. That the Plaintiff herein has no adequate remedy at law.

37.     No action or proceeding has been brought at law or otherwise for the recovery of said sum, or any part thereof.

38.     Upon information and belief, no other person or persons have filed mechanic's liens against said real property, or any part thereof, nor have subsequent liens or claims by judgment, mortgage, or conveyance been made or filed or rendered against said real property or any part thereof, except those named in this action.

39.     By reason of the foregoing, Plaintiff has been damaged in the sum of $445,760.32 and demands judgment thereof with interest from November 26, 2018.

40.     As a consequence of the foregoing, Plaintiff demands judgment of foreclosure of the Mechanic's Lien and judgment in the sum of $445,760.32, plus interest from November 26, 2018 on the First Cause of Action.

### AS AND FOR A SECOND CLAIM FOR RELIEF
### AGAINST DEFENDANT VERIA LIFESTYLE INC.
### FOR BREACH OF CONTRACT

41.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "40" with the same force and effect as though more fully set forth at length herein.

42.     Plaintiff performed all obligations which it was required to perform under its aforesaid agreement with Defendant VERIA

43.     Defendant VERIA breached the aforesaid agreement with Plaintiff by failing to pay to Plaintiff the sum of $445,760.32.

44.     That Plaintiff has been injured as a result of Defendant VERIA's failure to pay the sum of $445,760.32 to Plaintiff.

45.     By reason of the foregoing, Plaintiff has been damaged in the sum of $445,760.32 with interest at the rate of 9% per annum from the date that the work, labor, services and materials were provided to Defendant VERIA by Plaintiff, plus costs, disbursements and attorneys' fees.

### AS AND FOR A THIRD CLAIM FOR RELIEF
### AGAINST DEFENDANT VERIA LIFESTYLE INC.
### FOR UNJUST ENRICHMENT

46.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "45" with the same force and effect as though more fully set forth at length herein.

47.     Defendant VERIA received and accepted work, labor and services and materials from Plaintiff, at the specific request of Defendant VERIA.

48.     That a benefit was bestowed upon Defendant VERIA by Plaintiff.

49.     That unless Plaintiff is paid the sum of $445,760.32, Defendant VERIA will obtain a benefit without adequately compensating Plaintiff.

50.     That Plaintiff demanded that defendants pay the sum of $445,760.32.

51.     That Defendant VERIA has refused to pay the sum of $445,760.32 to Plaintiff.

52.     That Defendant VERIA has been unjustly enriched.

53.     That equity and good conscience require restitution to Plaintiff.

54.     By reason of the foregoing, Plaintiff has been damaged in the sum of $445,760.32 with interest at the rate of 9% per annum from the date that the work, labor,

services and materials were provided to Defendant VERIA by Plaintiff, plus costs, disbursements and attorneys' fees.

### AS AND FOR A FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT VERIA LIFESTYLE INC. FOR QUANTUM MERUIT

55.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "54" of this complaint, with the same force and effect as if more fully set forth at length herein.

56.    During the period from on or about June 12, 2018 to July 28, 2018, Plaintiff performed the aforementioned work at the express and/or implied request of Defendant VERIA.

57.    The unpaid balance of the aforesaid services performed is valued at $445,760.32.

58.    Plaintiff demanded payment of said sum and Defendant VERIA has refused to make payment of $445,760.32.

59.    Therefore, Defendant VERIA is liable to Plaintiff in the amount of $445,760.32 with interest thereon from November 26, 2018, together with the costs of this action.

60.    By reason of the foregoing, Plaintiff has been damaged in the sum of $445,760.32 with interest at the rate of 9% per annum from the date that the work, labor, services and materials were provided to Defendant VERIA by Plaintiff, plus costs, disbursements and attorneys' fees.

## AS AND FOR A FIFTH CLAIM FOR RELIEF
## AGAINST DEFENDANT VERIA LIFESTYLE INC.
## FOR ACCOUNT STATED

61.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "60" of this complaint, with the same force and effect as if more fully set forth at length herein.

62.     That heretofore, Plaintiff rendered to Defendant VERIA, full and true accounts of the indebtedness owing by Defendant VERIA as a result of the Agreement, in an amount as hereinabove set forth which account statements were delivered to and accepted without objection by Defendant VERIA resulting in an account stated for the amount set forth above.

63.     Defendant VERIA has failed and to pay the full amounts demanded and there remains unpaid balance relating to the account statements in the sum of $445,760.32.

64.     Defendant VERIA is liable to Plaintiff in the amount of $445,760.32 with interest thereon from November 26, 2018, together with the costs of this action.

65.     By reason of the foregoing, Plaintiff has been damaged in the sum of $445,760.32 with interest at the rate of 9% per annum from the date that the work, labor, services and materials were provided to Defendant VERIA by Plaintiff, plus costs, disbursements and attorneys' fees.

**AS AND FOR A SIXTH CLAIM FOR RELIEF**
**AGAINST DEFENDANT VERIA**
**FOR VIOLATION OF NEW YORK GENERAL BUSINESS**
**LAW SECTION 756-a (PROMPT PAYMENT ACT)**

66. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "65" of this complaint, with the same force and effect as if more fully set forth at length herein.

67. Defendant VERIA contracted with Plaintiff.

68. Plaintiff delivered all contractually required documentation to Defendant VERIA pursuant to the Contract.

69. Plaintiff delivered invoices to Defendant VERIA which were not disapproved.

70. Defendant VERIA failed to approve or disapprove all or a portion of the invoices and the statement of account delivered to Defendant VERIA by Plaintiff within twelve business days.

71. Defendant VERIA unreasonably withheld approval for payment invoices remitted to Defendant VERIA by Plaintiff within twelve business days after receipt by Defendant VERIA.

72. Defendant VERIA failed to prepare and issue a written statement to Plaintiff describing any items in the invoices and/or the account stated sent by Plaintiff to Defendant VERIA which Defendant VERIA declined to approve.

73. Defendant VERIA has waived the right and ability to contest the work, labor, services and materials provided by Plaintiff to Defendant VERIA pursuant to the

14

Contract and therefore, Defendant VERIA is liable to Plaintiff for the sum of $445,760.32 plus interest, costs, disbursements and attorneys' fees.

74.    By reason of the foregoing, Plaintiff has been damaged in the sum of $445,760.32 with interest at the rate of 9% per annum from the date that the work, labor, services and materials were provided to Defendant VERIA by Plaintiff, plus costs, disbursements and attorneys' fees.

**AS AND FOR A SEVENTH CLAIM FOR RELIEF
AGAINST DEFENDANT VERIA
FOR ENFORCEMENT OF A TRUST
PURSUANT TO LIEN LAW ARTICLE 3-A**

75.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "74" of this complaint, with the same force and effect as if more fully set forth at length herein.

76.    Upon information and belief, prior to and/or during the Plaintiff's performance of the Work, Defendant VERIA obtained a loan from CANARA BANK ("Bank") and borrowed monies from the Bank specifically relating to and intended to be furnished for and to be actually applied to the construction and/or improvements to the Subject Premises.

77.    Upon information and belief, Owner has received sums from the Bank directly relating to the Subject Premises (the "Trust Funds"), including but not limited to the Work, which amount is a sum of money greater than the amount due to Plaintiff and sufficient to pay the claims of Plaintiff and the Owner's other contractors arising out of the Project.  The Trust Funds constitute trust funds to be applied by the Owner first to the

payment of claims of contractors, architects, engineers, surveyors, laborers and materialman arising out of the Project and to the payment of premiums on surety bonds filed, if any, and premiums on insurance accruing during the construction of the Project.

78.     Plaintiff has fully performed the Work requested by Owner and there remains an unpaid balance in the sum of $445,760.32 which is now due and owing to Plaintiff.

79.     This action was commenced within one year from the time that payment was due to Plaintiff from the Owner and/or the date that the Project was completed.

80.     Upon information and belief, there are persons other than Plaintiff that may have some claim upon or interest in the trust funds by virtue of being contractors, architects, engineers, surveyors, laborers or materialmen of the Owner and having contracts concerning or claims arising out of such improvements, by virtue of furnishing services, labor and/or materials in connection with such improvements or by virtue of having claims for premiums on surety bonds filed or premiums on insurance arising out of and accruing during the making of the improvements.

81.     Plaintiff is unable to ascertain the names of all such persons who might be or are so interested in such trust funds and it is impracticable to designate by name such persons as parties to this action.  However, this action is, also expressly brought for the benefit of all such persons who may have an interest as noted above.

82.     Upon information and belief, the Owner has applied certain of the trust funds heretofore received by them for a purpose other than the payment of claims of the Plaintiff and the Owner's other contractors.

83.     Owner has refused to pay Plaintiff the sum of $445,760.32 although duly demanded by Plaintiff.

84.     Accordingly, this action is brought pursuant to Article 3-A of the Lien Law of the State of New York, seeking amongst other things an order for an accounting of the trust and judgment against Owner in favor of Plaintiff in the sum of $445,760.32, together with interest at the rate of 9% per annum from the date that the work, labor, services and materials were provided to Defendant VERIA LIFESTYLE INC. by Plaintiff, plus costs, disbursements and attorneys' fees and such other amounts due to the Owner's other contractors, as well as attorneys' fees and costs of this action.

**WHEREFORE**, Plaintiff demands judgment:

a)  That the Court determine the equities and priorities of the liens and claims herein.

b)  That the Court decree that by the filing of the Plaintiff's Notice Under Mechanic's Lien Law of lien that the Plaintiff acquired and now has a good, valid and subsisting lien in the amount of $445,760.32, with interest thereon from November 26, 2018.

c)  That the Subject Premises herein be sold in accordance with law and the rules and practice of this Court and out of the proceeds of the sale the Plaintiff and other valid mechanic's lienors be paid the amount of their respective liens in proportion to such liens and in the event of any deficiency that the Plaintiff herein have judgment for such deficiency against the Defendant VERIA LIFESTYLE INC.

d) That the amount due upon plaintiff's lien and claim for principal and interest be ascertained and adjudged.

e) That plaintiff be determined and adjudged to have a valid and subsisting lien upon the interest of Defendant VERIA LIFESTYLE INC. and Defendant COUNTY OF SULLIVAN INDUSTRIAL DEVELOPMENT AGENCY in the real property above described, for the sum of $445,760.32, with interest thereon from November 26, 2018;

f) That the defendants, and all persons claiming under them or either or any of them, subsequent to the filing of the notice of pendency of this action in the office of the Clerk of the COUNTY OF SULLIVAN, STATE OF NEW YORK in which said real property is situated, and every person whose conveyance or encumbrance is subsequent or subsequently recorded, filed, or docketed be forever barred and foreclosed of all right, claim, lien, and equity of redemption in the said real property or any part thereof;

g) That the interest of Defendant VERIA LIFESTYLE INC. and Defendant COUNTY OF SULLIVAN INDUSTRIAL DEVELOPMENT AGENCY as of the date of the filing of said notice of lien may be decreed to be sold according to law;

h) That the moneys arising from said sale may be brought into court;

i) That plaintiff may be paid therefrom the amount adjudged to be due to the plaintiff, with interest thereon to the time of such payment, together with the costs and expenses of this action and the expenses of such sale, so far as the amount of such money properly applicable thereto will pay the same.

j) That the defendants may be adjudged to pay any deficiency which may remain after applying all of such moneys so applicable thereto.

k)   That Plaintiff be granted judgment of foreclosure of the Mechanic's Lien and judgment in the sum of $445,760.32 plus interest from November 26, 2018 on the First Cause of Action;

l)   That Plaintiff be granted judgment in the sum of $445,760.32 plus interest from November 26, 2018 on the Second Cause of Action;

m)  That Plaintiff be granted judgment in the sum of $445,760.32 plus interest from November 26, 2018 on the Third Cause of Action;

n)   That Plaintiff be granted judgment in the sum of $445,760.32 plus interest from November 26, 2018 on the Fourth Cause of Action;

o)   That Plaintiff be granted judgment in the sum of $445,760.32 plus interest from November 26, 2018 on the Fifth Cause of Action;

p)   That Plaintiff be granted judgment in the sum of $445,760.32 plus interest from November 26, 2018 on the Sixth Cause of Action;

q)   That Plaintiff be granted judgment in the sum of $445,760.32 plus interest from November 26, 2018 on the Seventh Cause of Action;

r)   That if for any reason Plaintiff is unable to establish a good and valid lien that the Plaintiff have a personal judgment against Defendant VERIA LIFESTYLE INC., for the sum of $445,760.32 plus interest from November 26, 2018;

s)   That if for any reason Plaintiff is unable to establish a good and valid lien that the Plaintiff have a personal judgment against Defendant VERIA and Defendant COUNTY OF SULLIVAN INDUSTRIAL DEVELOPMENT AGENCY for the sum of $445,760.32 plus interest from November 26, 2018;

t) That the Plaintiff herein have such other and further relief as to the Court may seem just, proper and equitable in the premises together with the costs and disbursements of this action.

Dated: Great Neck, New York
November 26, 2018

Jared Rosen, Esq. (JR-5381)
Rosen Law LLC
Attorney for Plaintiff
216 Lakeville Road
Great Neck, New York 11020
Telephone number: 516-437-3400
Fax number: 516-334-3000
Email: jared@rosenlawllc.com

**DOCKET NO. 18-CV-10992**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**EXPLUS, INC.,**

    **Plaintiff,**

 - **against –**

**VERIA LIFESTYLE INC.,**
**CANARA BANK, AND**
**COUNTY OF SULLIVAN INDUSTRIAL DEVELOPMENT AGENCY,**

    **Defendants.**

**COMPLAINT**

**SIGNATURE (RULE 11)**

_____

**JARED ROSEN, ESQ.**

**ROSEN LAW LLC**
**216 LAKEVILLE ROAD**
**GREAT NECK, NEW YORK 11020**
**516-437-3400**

**TO:**
**ATTORNEY(S) FOR:**

**SERVICE OF A COPY OF THE WITHIN**      **IS HEREBY ADMITTED**
**DATED:**    _____

        **ATTORNEY(S) FOR DEFENDANT**